IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:04-CR-301-F-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ARMANDO GARCIA CABRERA, ) | |
| ) | |
| Defendant. ) | |

Before the court is *pro se* Defendant's letter motion for return of property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure. [DE 78]. Specifically, Defendant seeks the return of "$5,000 to $6,000" allegedly seized "by different authorities" on August 2004.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994). The burden of establishing jurisdiction rests upon the party asserting jurisdiction. *Id.* A court has jurisdiction over a Rule 41(g) proceeding if the Government "actually or constructively" possesses the seized property. *Hill v. United States*, No. 1:12-CV-92, 2013 U.S. Dist. LEXIS 40177, at *12 (N.D. W. Va. Mar. 22, 2013). The Government constructively possesses property (1) "where the property was considered evidence in the federal prosecution" or (2) "where property was seized by state officials acting at the direction of federal authorities in an agency capacity." *Id.* at *10 (citation omitted).

The court finds Defendant fails to establish that the Government actually or constructively possesses the requested currency. The court sentenced Defendant on June 14, 2005. [DE 52]. As a part of Defendant's sentence, a forfeiture judgment was entered against him for $97,020.00. [DE 48]. No specific currency was seized from Defendant; thus, none was

ordered forfeited. The Government confirms that no federal law enforcement agency has any record of having seized any funds from Defendant. [DE 82]. As such, the Government has no funds to return.

For the foregoing reasons, Defendant's motion is DENIED for lack of jurisdiction.

SO ORDERED.

This the 9th day of November, 2016.

JAMES C. FOX
Senior United States District Judge